| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br><br>Court Address: 1437 Bannock Street<br>Denver, Colorado 80202 | |
| Plaintiff: Jeff Zebrasky<br><br>v.<br><br>Defendant: Montgomery Mutual Insurance Company | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff<br>Matthew E. Bennett, Reg. No. 52705<br>DezaRae D. LaCrue Reg. No. 40290<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Ave.<br>Aurora, CO, 80014<br>Telephone: 303-757-3300<br>Facsimile: 303-757-3206<br>E-Mail:<br>E-Mail: | Case Number:<br><br>Division: |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** | |

Plaintiff, Jeff Zebrasky, by and through his attorneys, Franklin D. Azar & Associates, P.C., for his Complaint, states and alleges as follows:

### GENERAL ALLEGATIONS

1. Mr. Zebrasky was injured in a car collision on July 23, 2020, (hereinafter the "collision") and described in more detail below.

2. Mr. Zebrasky is an individual and resident of the State of Colorado, County of Denver.

3. Defendant, Montgomery Mutual Insurance Company (hereafter "Liberty Mutual") is a corporation doing business throughout the state of Colorado, including Denver County.

4. Venue is proper in this Court pursuant to C.R.C.P. 98.

5. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

6. On or about July 23, 2020, Mr. Zebrasky was involved in a rear-end collision with Mr. Marcel Budavari.

7. Mr. Budavari was negligent on the date in question.

8. Mr. Budavari's negligence was the sole cause of the collision.

9. Mr. Zebrasky's vehicle suffered severe damage.

10. Mr. Zebrasky did not contribute to the collision.

11. Mr. Zebrasky was not contributorily negligent.

12. Mr. Budavari was insured by Geico General Insurance Company.

13. Mr. Budavari's liability limits through Geico were $25,000.00.

14. Mr. Budavari's insurance company accepted full liability for causing the collision.

15. Mr. Zebrasky notified of the July 23, 2020, collision.

16. Mr. Zebrasky settled with Geico for Marcel Budavari's policy limit.

17. Liberty Mutual gave Mr. Zebrasky permission to settle with Marcel Budavari's policy limit of $25,000.

18. Mr. Zebrasky has fully cooperated with Liberty Mutual in their investigation of his claim.

19. Liberty Mutual has received Mr. Zebrasky's medical records and bills for treatment related to the crash.

20. Liberty Mutual has never disputed that Mr. Zebrasky suffered injuries in the collision.

21. Liberty Mutual has never disputed that Mr. Zebrasky suffered a concussion injury in the collision.

22. Liberty Mutual has never disputed that Mr. Zebrasky suffered neck injuries in the collision.

23. Liberty Mutual has never disputed that Mr. Zebrasky suffered back injuries in the collision.

24. Liberty Mutual has no reasonable basis to dispute that Mr. Zebrasky has suffered physical impairment as a result of the collision.

25. Liberty Mutual has no reasonable basis to dispute that Mr. Zebrasky has suffered permanent impairment as a result of the collision.

26. Liberty Mutual has not requested to speak with any of Mr. Zebrasky's treating medical providers.

27. Liberty Mutual has not requested to speak with Mr. Zebrasky.

28. At all times relevant to this action, Mr. Zebrasky was covered by an automobile liability insurance policy issued by Liberty Mutual that provided underinsured motorist benefits pursuant to C.R.S. 10-4-609(4) (2007) in the amount of $100,000.00.

29. As of October 17, 2022, Liberty Mutual has never requested that Mr. Zebrasky undergo an IME.

30. Liberty Mutual has a duty to fairly and honestly evaluate Mr. Zebrasky's claim

31. Liberty Mutual has a duty to fairly compensate Mr. Zebrasky for his collision-related injuries in excess of Marcel Budavari's policy limits up to the amount of Mr. Zebrasky's policy limits.

32. Liberty Mutual is liable for Mr. Zebrasky's damages in excess of those paid by Marcel Budavari that are caused by the collision.

33. Liberty Mutual repriced and reduced Mr. Zebrasky's medical bills in its evaluation of Mr. Zebrasky's UIM claim.

34. Liberty Mutual incorporated and adopted its reductions to Mr. Zebrasky's medical bills in its evaluation.

35. Liberty Mutual purposely repriced Mr. Zebrasky's medical bills so that it could pay Mr. Zebrasky $0 in UIM benefits.

36. Liberty Mutual lacks a reasonable basis for unilaterally repricing Mr. Zebrasky's medical bills.

37. Liberty Mutual knows that individuals have almost no ability to negotiate their medical bills on their own behalf.

38. Liberty Mutual knows that its repricing of medical bills incurred by its insured is an arbitrary method of reducing the benefits it pays out to the detriment of its insured.

39. Per a communication dated October 14, 2022, and made by Liberty Mutual adjuster Hunter Byars, Liberty Mutual confirmed it repriced Mr. Zebrasky's medical expenses as follows:

(a) Neuroworks, LLC - $1,645 reduced to $995.12;

(b) Colorado Interventional Health SCIE - $4,180 reduced to $1,531.70;

(c) Ashbaugh Center for Therapy, PC - $3,045 reduced to $2,845;

(d) PSL Medical Center - $2,092 reduced to $256.24;

(e) Boulder Cognitive and Linguistic - $850 reduced to $265.08;

(f) SCLTDI JV, LLC - $4,248 reduced to $1,582.50;

(g) Carepoint Emergency Med PLLC - $391 reduced to $132.60;

(h) Boulder Cognitive Linguistic Ctr - $1,038 reduced to $467.36; and

(i) Colorado Pain and Rehabilitation - $1,624 reduced to $608.82.

40. Liberty Mutual has failed to make a reasonable offer to Mr. Zebrasky for his underinsured motorist benefits.

41. Liberty Mutual's incomplete investigation has resulted in delay of underinsured motorist benefits being paid to Mr. Zebrasky.

42. Liberty Mutual has not paid any underinsured motorist benefits to Mr. Zebrasky under policy number AOA-238-033871-40.

43. Liberty Mutual's actions in Mr. Zebrasky's case fail to meet the standard set for in Liberty Mutual's own claim handling manual.

44. Liberty Mutual has failed to comply with Colorado's Unfair Claims Settlement Practices Act.

**PLAINTIFF'S FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

45. Mr. Zebrasky incorporates all previous allegations as though fully set forth herein.

46. Sometime prior to the motor vehicle collision, Mr. Zebrasky entered into a contract with Liberty Mutual for the purpose of obtaining automobile insurance coverage, including uninsured and underinsured motorist coverage. At all times pertinent to the within action, Mr. Zebrasky has complied with all conditions precedent to coverage under the insurance policy issued by Liberty Mutual to Mr. Zebrasky.

47. Mr. Zebrasky advised Liberty Mutual of a claim for seeking underinsured motorist benefits under its insurance policy, and otherwise fully cooperated with Liberty Mutual in connection with the claim.

48. Mr. Zebrasky is an intended beneficiary of Liberty Mutual's insurance policy/contract and is therefore entitled to enforce its terms.

49. Mr. Zebrasky is entitled to be compensated by Liberty Mutual for all damages he has incurred, including pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, disfigurement, and disability, under the terms of the underinsured motorist coverage policy.

50. Liberty Mutual has breached its contract with Mr. Zebrasky by denying benefits owed under the insurance contract.

51. Liberty Mutual breached its contract with Mr. Zebrasky in other ways, including but not limited to its evaluation.

52. As a direct and proximate result of Liberty Mutual's breach of contract, Mr. Zebrasky has incurred damages in the amount to be proved at the time of trial.

**PLAINTIFF'S SECOND CLAIM FOR RELIEF**
**(FIRST PARY STATUTORY CLAIM UNDER C.R.S. § 10-3-1116)**

53. Mr. Zebrasky incorporates all prior allegations as though fully set forth herein.

54. Liberty Mutual has denied and delayed payment of under-insured motorist benefits to Mr. Zebrasky without a reasonable basis for its action.

55. Liberty Mutual's unreasonable position and conduct has caused Mr. Zebrasky damage by the loss of the compensation that is due to him and which Liberty Mutual should have previously paid to him.

56. In accordance with C.R.S. §10-3-1116, Mr. Zebrasky is entitled to recover from Liberty Mutual two times the covered under-insured motorist benefits plus reasonable attorney's fees and court costs.

**PLAINTIFFS' THIRD CLAIM FOR RELIEF**
**(BAD FAITH)**

57. Mr. Zebrasky incorporates all prior allegations as though fully set forth herein.

58. Liberty Mutual owed Mr. Zebrasky a duty to act in good faith in reviewing, adjusting, and settling his claims.

59. Liberty Mutual's duty to act in good faith in reviewing, adjusting and settling Mr. Zebrasky's claim continues during this litigation.

60. Liberty Mutual has breached its duty to Mr. Zebrasky by denying benefits owed under the insurance contract pursuant to *Fisher v. State Farm*, 2015 WL 2198515 (Colo. App. 2015).

61. Liberty Mutual breached its duty to Mr. Zebrasky in other ways, including but not limited to its evaluation.

62. Liberty Mutual breached its duty to Mr. Zebrasky, its insured, and acted in bad faith, by engaging in the following, among other acts:

(a) Compelling Mr. Zebrasky to institute litigation to recover amounts due to him under the under-insured motorist bodily injury liability benefits afforded Mr. Zebrasky under the insurance policy;

(b) Favoring the interests of Liberty Mutual, an insurer, over those of Mr. Zebrasky, an insured, to whom Liberty Mutual owes fiduciary and statutory duties;

(c) Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Mr. Zebrasky suffered at the hands of an under-insured motorist;

(d) Failing to investigate Mr. Zebrasky's future medical expenses and lost wages or earning capacity;

(e) Failing to consider the full amount of Mr. Zebrasky's medical bills;

(f) Incompetently evaluating Mr. Zebrasky's claim;

(g) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the offer of a compromise settlement; and

(h) Failing to conduct an investigation into Mr. Zebrasky's damages.

63. Liberty Mutual's actions are unreasonable.

64. Liberty Mutual's actions are careless.

65. Liberty Mutual's actions are reckless.

66. Liberty Mutual knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

67. As a direct result of Liberty Mutual breaching its duties owed to its insured, Mr. Zebrasky has been damaged including, but not necessarily limited to:

(a) Being forced to incur additional costs in litigation;

(b)   Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Liberty Mutual; and

(c)   Being deprived of the use of funds.

WHEREFORE, Mr. Zebrasky prays for judgment against Liberty Mutual for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Mr. Zebrasky's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

Respectfully submitted: October 20, 2022.

FRANKLIN D. AZAR & ASSOCIATES, P.C.
By /s/ *Matthew E. Bennett*
Matthew E. Bennett, Reg. No. 52705
DezaRae D. LaCrue, Reg. No. 40290
ATTORNEYS FOR PLAINTIFF

Plaintiff's Address:
13945 Jasmine Street
Thornton, Colorado 80602